**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02011-BNB
(**The above civil action number must appear on all future papers**
  **sent to the court in this action.  Failure to include this number**
  **may result in a delay in the consideration of your claims.**)

CHARLES SHIRLEY,

     Applicant,

v.

[NO NAMED RESPONDENT],

     Respondent.

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

---

     Applicant, Charles Shirley, is a prisoner in the custody of the Colorado
Department of Corrections and currently is incarcerated at the Buena Vista Correctional
Complex-Main & Boot Camp, at Buena Vista, Colorado.  Mr. Shirley initiated this action
by paying the $5.00 filing fee.  He also submitted a Letter to the Court stating that he
has not completely exhausted his remedies in state court but desires to file a 28 U.S.C.
§ 2241 action in this Court.

     As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has
determined that the submitted documents are deficient as described in this Order.  Mr.
Shirley will be directed to cure the following if he wishes to pursue his claims.  Any
papers that Mr. Shirley files in response to this Order must include the civil action
number on this Order.

Mr. Shirley also should take note that an applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Nonetheless, regardless of whether Mr. Shirley has a motion for rehearing pending in state court or there is a question regarding exhaustion, he must file an application to proceed in the instant action.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)    __    is not submitted
(2)    __    is missing affidavit
(3)    __    is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)    __    is missing certificate showing current balance in prison account
(5)    __    is missing required financial information
(6)    __    is missing an original signature by the prisoner
(7)    __    is not on proper form (must use the court's current form)
(8)    __    names in caption do not match names in caption of complaint, petition or habeas application
(9)    __    An original and a copy have not been received by the court. Only an original has been received.
(10)   __    other:
**Complaint, Petition or Application**:

2

(11)   _X_   is not submitted
(12)   __   is not on proper form (must use the court's current form)
(13)   __   is missing an original signature by the prisoner
(14)   __   is missing page nos. ___
(15)   __   uses et al. instead of listing all parties in caption
(16)   __   An original and a copy have not been received by the court.  Only an
              original has been received.
(17)   __   Sufficient copies to serve each defendant/respondent have not been
              received by the court.
(18)   __   names in caption do not match names in text
(19)   __   other

Accordingly, it is

ORDERED that the Mr. Shirley cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Mr. Shirley files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Mr. Shirley shall obtain the Court-approved form used in filing a 28 U.S.C. § 2241 action (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if the Mr. Shirley fails to cure the designated deficiencies **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED August 7, 2012, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland_____
United States Magistrate Judge