IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02011-BNB

CHARLES SHIRLEY,

      Applicant,

v.

JOHN DAVIS, Warden of Buena Vista C.F.

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Charles Shirley, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional complex in Buena Vista, Colorado.  On August 1, 2012, Mr. Shirley, acting *pro se*, submitted $5.00 to the Court. He then filed a Letter stating that he intended to submit a 28 U.S.C. § 2241 application, which he did on August 27, 2012.

      The Court must construe the Application liberally because Mr. Shirley is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the instant action.

      Mr. Shirley raises six claims challenging his conviction and sentence under the Lifetime Supervision Act, Colo. Rev. Stat. § 18-1.3-1004.  The claims Mr. Shirley raises are properly asserted pursuant to 28 U.S.C. § 2254, because he is challenging the

validity, and not the execution, of his conviction and sentence in the Boulder County District Court.  The Court, therefore, construes this action as filed pursuant to § 2254.

This is not the first time Mr. Shirley has attempted to file a § 2241 action challenging the validity of his conviction and sentence in the Boulder County District Court, which this Court has construed as filed pursuant to § 2254.  *See Shirley v. Davis*, No. 11-cv-01596-LTB (D. Colo. Nov. 3, 2011).  In Case No. 11-cv-01596, Mr. Shirley challenged the same state criminal conviction as in this action.  *Id.* at ECF No. 5.   The action was dismissed as time-barred under 28 U.S.C. § 2244(d).  *See Id.* at ECF No. 15.

A dismissal of a § 2254 action as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive.  *See Johnson v. Workman*, 446 F. App'x 92, n.1 (10th Cir. 2011) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The Rules of finality, both statutory and judge made, treat a dismissal on statue-of-limitations grounds . . .  as a judgment on the merits."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits").  Therefore, the instant § 2254 action is a second or successive motion and will be dismissed for the following reasons.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Shirley must obtain an order from the United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a second or successive § 2254 action.  In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 action.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  The Court must either

dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice,

transfer the matter to the circuit court pursuant to 28 U.S.C. § 1631. *Id.* at 1252. The

factors for considering whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the
> proper forum, whether the claims alleged are likely to have
> merit, and whether the claims were filed in good faith or if, on
> the other hand, it was clear at the time of filing that the court
> lacked the requisite jurisdiction.

*Id.* at 1251.

The claims in the instant action, like the claims Mr. Shirley asserted in his

previous § 2254 action, are time-barred under 28 U.S.C. § 2244(d). Even if the claims

were found to have merit, Mr. Shirley fails to demonstrate that the claims are based on

either newly discovered evidence, a new rule of constitutional law, or were untimely due

to a state caused impediment. *See* § 2244(d). Also, it was clear when this action was

filed that the Court lacked jurisdiction. A transfer of this action to the circuit court is not

in the interest of justice. The Application, therefore, will be denied for lack of

jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962). If Mr. Shirley files a notice of appeal he must pay the full $455 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals

for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is construed as filed pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that the Application is denied for lack of jurisdiction, and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Shirley has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED at Denver, Colorado, this   5th   day of ___September_____, 2012.

BY THE COURT:


  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court