IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02011-LTB

CHARLES SHIRLEY,

    Applicant,

v.

JOHN DAVIS, Warden of Buena Vista C.F.,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    The matter before the Court is the Motion for Reconsideration, ECF No. 9, and the Letter, ECF No. 8, that Applicant, a state prisoner, filed challenging the Order of Dismissal entered on September 5, 2012.  The Court must construe the Motion and Letter liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny Applicant's request for reconsideration.

    Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days

after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court will consider Applicant's Motion for Reconsideration and Letter pursuant to Rule 59(e) because they were filed within twenty-eight days after the Judgment was entered in this action on September 5, 2012. See Van Skiver, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Id. (citing Van Skiver, 952 F.2d at 1243).

Nothing Applicant asserts in the Application, Motion for Reconsideration, or Letter indicates the Court misapprehended the facts, his position, or the controlling law. Applicant's request for reconsideration, therefore, will be denied. Accordingly, it is

ORDERED that Applicant's request for reconsideration, ECF Nos. 8 and 9, is denied.

DATED at Denver, Colorado, this  3rd  day of    October   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court